IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELBERT ANTHONY GIDDINGS, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 16-4917 |
| | : | |
| BROWN & BROWN GENERAL CONTRACTORS, INC., et al. | : : | |

<u>MEMORANDUM</u>

**Juan R. Sánchez, C.J.**                                                            **October 13, 2020**

      After Defendants Joel Brown and Brown & Brown General Contractors, Inc. (collectively, Brown) failed to appear in this consumer protection case, the Court entered default judgment against Brown in the amount of $48,405. In its March 23, 2020, Memorandum granting default judgment, the Court exercised its discretion to award Plaintiffs attorney fees pursuant to the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL) and granted Plaintiffs leave to file a request for reasonable attorney fees. On April 20, 2020, Plaintiffs filed the instant motion seeking $47,734.24 in attorney fees and costs. To date, Brown has not filed a response. The Court will grant the motion but will only award a total amount of $35,973.75, which includes $34,817.50 in attorney fees and $1,156.25 in costs.

**BACKGROUND**

      Plaintiffs Elbert Anthony Giddings, Eunice Isaac, and Pullen A. Osagie hired Brown to complete home improvement projects on their respective properties. Unbeknownst to Plaintiffs, Brown was not a Pennsylvania licensed contractor and did not comply with several statutory requirements for home improvement contracts in Pennsylvania. After Plaintiffs paid Brown substantial deposits, Brown failed to complete the projects.

      On September 12, 2016, Plaintiffs sued Brown claiming violations of the UTPCPL and the Home Improvement Consumer Protection Act (HICPA) and seeking damages. After personally

serving Brown twice, Brown failed to appear. At Plaintiffs' request, the Clerk of Court entered Brown's default. Plaintiffs moved for default judgment

On January 7, 2020, the Court held a hearing on the motion for default judgment. At that hearing, Brown appeared for the first time. The Court held a second hearing on January 22, 2020. After hearing testimony and reviewing both parties' evidence regarding damages, the Court granted Plaintiffs' motion for default judgment and awarded actual damages totaling $16,135 and treble damages totaling $25,270.

In granting the motion for default judgment, the Court also exercised its discretion to award Plaintiffs attorney fees. However, because Plaintiffs had not yet filed an accounting of their attorney fees, the Court was unable to determine a reasonable award. As a result, the Court granted Plaintiffs leave to file a request for attorney fees pursuant to 73 Pa. Cons. Stat. § 201-9.2.

On April 20, 2020, Plaintiffs' attorneys, Gary Schapkopf and Matthew Weisberg, filed the instant motion for attorney fees. The attorneys represented Plaintiffs on a contingent-based fee but request $530 per hour for their services. Plaintiffs' attorneys each have approximately 20 years of experience. Pls.' Mot. for Att'y Fees & Costs Exs. A, B. Invoices attached to the motion show the attorneys spent approximately 88 hours on their representation of Plaintiffs over four years. *Id.* at Exs. D, E. The invoices provide associated costs and detailed descriptions of the services performed, the date for each service, and the quantity of hours spent on each service. *Id.* In total, Plaintiffs request $47,734.24, which includes $46,577.99 in attorney fees and $1,156.25 in costs.

**DISCUSSION**

The Court will grant attorney fees and costs but only award a total of $35,973.75 in attorney fees and costs. Pursuant to the UTPCPL, "[t]he court may award to the plaintiff, in addition to

other relief provided in this section, costs and reasonable attorney fees." 73 Pa. Cons. Stat. § 201-9.2(a). There are four factors to consider in determining reasonable attorney fees:

> (1) [t]he time and labor required, the novelty and difficulty of the questions involved and the skill requisite to properly conduct the case; (2) [t]he customary charges of the members of the bar for similar services; (3) [t]he amount involved in the controversy and the benefits resulting to the clients from the services, including ensuring that there is a sense of proportionality between the award of damages and the award of attorneys' fees; and (4) [t]he contingency or certainty of the compensation.

*Richards v. Ameriprise Fin., Inc.*, 217 A.3d 854, 868 (Pa. Super. Ct. 2019) (internal citations omitted).

"Prior to awarding counsel fees to a plaintiff on a UTPCPL claim, the defendant must have a 'fair opportunity to address' the legitimacy of the claim." *Neal v. Bavarian Motors, Inc.*, 882 A.2d 1022, 1031 (quoting *McCauslin v. Reliance Fin. Co.*, 751 A.2d 683, 685 (Pa. Super. Ct. 2000)). The purpose of awarding attorney fees and costs under the UTPCPL is "to punish and deter unfair and deceptive business practices and to encourage experienced attorneys to litigate such cases, even where recovery is uncertain." *Richards*, 217 A.3d at 871 (internal quotation marks and citations omitted).

Here, Brown has had a fair chance to address the legitimacy of Plaintiffs' claim. Brown attended both default judgment hearings and had a fair opportunity to challenge Plaintiffs' claims. Also, Plaintiffs filed their motion for attorney fees on April 20, 2020, and Brown has failed to oppose or otherwise respond to the motion. Because Brown has had a fair chance to address Plaintiffs' claim, the Court therefore turns to the reasonableness factors. *See McCauslin*, 751 A.2d at 685 (stating defendant must have fair opportunity to address the claim for attorney fees but declining to require a hearing when defendant did not request one).

As for the first factor, the Court finds this case did not involve complicated questions of law or extensive litigation to warrant excessive hours by Plaintiffs' attorneys. It is the role of the court to "thoroughly scrutinize the specific line items that are challenged, generally evaluate the reasonableness of the expenditure of time for the services listed in the fee petition, make adjustments when they are warranted, and explain its reasons for the award." *Id.* at 872. When deciding whether the expended time is reasonable, the court must consider only the time spent on the UTPCPL claims, although attorneys may be reimbursed for the time spent on HICPA claims because a violation of the HICPA is inherently a violation of the UTPCPL. *See* 73 Pa. Cons Stat. § 517.10 ("[A] violation of any of the provisions of [HICPA] shall be deemed a violation of . . . the [UTPCPL]."). Finally, attorneys may be compensated for a reasonable amount of time spent preparing the fee petition. *See Richards*, 217 A.3d at 872 (finding attorney fees for time spent preparing fee petitions is permitted, but the recorded 85 hours spent doing so was unreasonable for an experienced attorney).

Here, Plaintiffs' attorneys have submitted detailed invoices showing the amount of time spent on this case. The attorneys' time, which details the date services were provided, the services performed, and the quantity of hours spent on each service, is considered in its entirety because this case involved only HICPA and UTPCPL violations. The descriptions include but are not limited to: meeting with and calling clients, researching, drafting documents, and attending hearings. Specifically, phone calls with clients ranged between .10 hours and .50 hours, meetings ranged between one to seven hours, and document drafting ranged from .60 hours to seven hours. *See* Pls.' Mot. for Att'y Fees & Costs Exs. D, E. The attorneys have also included invoices for preparing and filing the fee petition, which the attorneys spent approximately nine hours working on combined.

Plaintiffs' attorney Gary Schapkopf logged 49.8 hours for this case. His line items provide that he met and discussed the case with Plaintiffs, drafted the complaint, prepared and filed the requests for entry of default and default judgment, and attended the two default judgment hearings. *See* Pls.' Mot. for Att'y Fees. Because this was a default judgment case, there was little substantive litigation on the merits of the UTPCPL claims. Attorney Schapkopf's entry of hours reasonably shows the complexity and length of this case. Upon review of the line items, the Court concludes Attorney Schapkopf spent a reasonable amount of time on this case.

The Court, however, has identified certain disparities and embellishments on certain line items for Plaintiffs' Attorney Matthew Weisberg, who has requested fees for 37 hours of work. Although Attorney Weisberg and Attorney Schapkopf have comparative experience, the two attorneys logged different hours for the same tasks. For instance, both attorneys reviewed correspondence with the Court and Court orders. While Attorney Schapkopf documented spending 0.10 hours reviewing each order, Attorney Weisberg documented spending between 0.30 and 0.40 hours reviewing each order.[1] *Compare* Ex. D, *with* Ex. E. One particularly large disparity occurred when Attorney Schapkopf spent approximately 0.30 hours reviewing the Court's March 23, 2020, Memorandum and Order, while Attorney Weisberg spent 2.50 hours reviewing the same documents. Considering the attorneys have similar experience, and the task only requires reading the documents, the length of time Attorney Weisberg spent is questionable.

The Court also notes an unreasonable amount of time spent drafting Plaintiffs' motion for default judgment. According to Attorney Weisberg's timesheet, he spent 2.50 hours drafting the motion. However, upon reviewing the motion, it contains only three sentences. *See* Mot. for J.,

---

[1] The Court orders reviewed by Attorney Weisberg and Attorney Schapkopf were scheduling orders and other orders of with minimal direction to the Plaintiffs.

5

July 12, 2017, ECF No. 18. The Court doubts 2.50 hours was spent drafting this bare bones motion. The Court will thus reduce the time spent on this motion to 0.50 hours.

The motion for default judgment is not the only short, non-substantive motion that Attorney Weisberg claims excessive hours. For drafting this motion, Attorney Weisberg logged seven hours. The motion, however, contains only eight sentences and does not address the standard for awarding reasonable attorney fees (which the Court specifically noted in its Memorandum granting default judgment). Again, the Court doubts this motion required seven hours of drafting by an experienced attorney. Considering the minimal effort that went into the motion, the Court will reduce the hours Attorney Weisberg spent on it to one hour.[2]

Because of the unreasonable time Attorney Weisber spent on certain tasks, the Court will reduce his requested hours from 37 hours to 23.5 hours. "Where time was not reasonably expended . . . the court may exclude it from calculation of the lodestar." *Hall v. Am. Honda Motor Co.*, No. 96-8103, 1997 WL 732458, at *2 (E.D. Pa. Nov. 24, 1997). The Court will reduce Attorney Weisberg's hours as follows[3]:

| Date | Task | Recorded | Reduced Time |
|---|---|---|---|
| 9/12/16 | Review docketing of complaint exhibits | .30 | .10 |
| 10/11/16 | Review affidavits of service | .30 | .10 |
| 11/2/16 | Review order to answer | .30 | .10 |
| 1/3/17 | Review order of dismissal | .40 | .10 |
| 1/26/17 | Review order of suspense | .30 | .10 |
| 4/27/17 | Review order lifting stay | .40 | .10 |
| 5/2/17 | Review affidavit of service | .30 | .10 |
| 7/12/17 | Draft motion for judgment | 2.50 | .50 |
| 10/4/17 | Review order of reassignment | .20 | .10 |
| 10/13/17 | Review order for hearing | .30 | .10 |

---

[2] Because Attorney Schapkopf logged two hours for drafting this motion, and the Court has already found Attorney Schapkopf's time reasonable, the Court will merely reduce Attorney Weisberg's seven hours to one hour for a total of three hours spent on the motion.

[3] The Court reaches these hours by reducing Attorney Weisberg's hours as discussed above and reducing certain line items to match the time Attorney Schapkopf spent on the same.

| | | | |
|---|---|---|---|
| 10/26/17 | Review order for hearing | .30 | .10 |
| 11/28/17 | Review order for suspense | .20 | .10 |
| 9/17/19 | Review order for status report | .30 | .10 |
| 11/5/19 | Review order for status conference | .40 | .10 |
| 11/21/19 | Review order for hearing on judgment | .40 | .10 |
| 1/7/20 | Review notice of appearance | .20 | .10 |
| 1/7/20 | Review order for hearing on judgment | .30 | .10 |
| 3/23/20 | Review memo and order on judgment | 2.50 | .30 |
| 4/6/20 | Review order for extension on attorney fees and costs | .30 | .10 |
| 4/19/20 | Draft motion for attorney fees | 7.00 | 1.0 |

*See Huu Nam Tran v. Metro. Life Ins. Co.*, No. 01-262, 2006 WL 2623230, at *3–4 (W.D. Pa. Sept. 12, 2006) (reproducing attorneys' line items and reducing requested hours that were excessive, redundant, or unnecessary). Therefore, having found Attorney Schapkopf's 49.8 hours reasonable and reduced Attorney Weisberg's hours to 23.5, the Court reduces the total requested hours to 73.3 hours.

As for the second factor, Plaintiffs' attorneys have charged a customary amount that is within the range of hourly rates for attorneys with similar experience. However, the amount requested, $530, is the highest rate available in that range. Given the simplicity of this case, which did not require Plaintiffs' attorneys to address the merits of the case, the Court will reduce the rate to $475, the lowest amount within the customary range. Pennsylvania courts have considered evidence of the prevailing market rates and the experience and expertise of the specific lawyers to determine if the request is reasonable. *Richards*, 217 A.3d at 869–70 (internal citations omitted). For an attorney with 16 to 20 years of experience, the prevailing market rate is between $475 and $530 per hour. *See Attorney Fees*, Cmty. Legal Servs. of Phila., https://clsphila.org/about-community-legal-services/attorney-fees/ (last visited Oct. 8, 2020) (providing attorney fee rates "based on Philadelphia law firm market survey data and increases in the Consumer Price Index").

Although Plaintiffs' attorneys each have approximately 20 years of experience, this case only required procedural work and did not reach the merits or applicable law. Their request for $530 per hour is within the customary range for attorneys with similar experience but is not reasonable given the substantive work completed in the case. Some of the work done by Plaintiffs' attorneys, including drafting procedural documents and requesting default, is work commonly done by associates who are billed at a lower rate. The Court thus finds it appropriate to reduce the hourly rate to $475. *See Hall*, 1997 WL 732458, at *3 (reducing amount of attorney fees awarded where counsel used form documents in the case and "many of the billing entries [were] duties which are more appropriately assigned to support staff").

Next, the amount in controversy and the benefits to Plaintiffs are proportional to and properly reflect the fee awarded by using the lodestar formula. The lodestar formula requires "multiplying the number of hours reasonably expended by a reasonable rate." *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 177 (3d Cir. 2012). There is no maximum ratio setting the boundaries of proportionality but there must be some "sense of proportionality" between damages and attorney fees. *Neal*, 882 A.2d at 1031 (internal citations omitted). Generally, once the lodestar formula is used, there is no proportionality concern if the attorney fees do not exceed twice the amount of damages. *See Baynes v. George E. Mason Funeral Home, Inc.*, No. 09-153, 2012 WL 993293, at *6 (W.D. Pa. Mar. 23, 2012). However, a lodestar calculation "does not end the inquiry [because] [t]here remain other considerations that may lead the district court to adjust the fee upward or downward . . . ." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)) (internal quotation marks omitted).

Here, Plaintiffs' attorneys used the lodestar formula to calculate their requested fees but, as discussed, claimed excessive hours at a high rate of pay. Because this case was not overly complex, the Court will reduce the requested lodestar calculation to match the reasonable number of hours and the reasonable rate stated above. *See Sec. & Data Techs. v. Sch. Dist. of Phila.*, No. 12-2393, 2016 WL 7427758, at *16 (E.D. Pa. Dec. 20, 2016) (using a lodestar calculation to determine reasonable attorneys' fees but lowering the number of hours and hourly rate to be used). By multiplying 73.3 reasonable hours by a reasonable rate of $475, the Court determines the reasonable attorney fee in this case is $34,817.50.

Turning to the fourth factor, the attorneys originally worked under a contingent-fee agreement. This factor considers the original terms the attorneys were hired under compared to the request for attorney fees and costs. "[A] contingency agreement is just one of many factors to consider in arriving at an award for reasonable attorney[] fees." *Boehm v. Riversource Life Ins. Co.*, 117 A.3d 308, 337 (Pa. Super. Ct. 2015). An original contingency fee arrangement does not act as a "ceiling . . . on the recovery of attorney[] fees under a fee-shifting provision of a remedial statute." *Krebs v. United Ref. Co.*, 893 A.2d 776, 791 (Pa. Super. Ct. 2006). However, the fee-shifting provision of the UTPCPL is not "intended to provide a claimant, or his attorney, with a windfall or bonanza should he or she be successful." *McCauslin*, 751 A.2d at 686.

The original contingency agreement showed Plaintiffs' attorneys were willing to work on the case with the risk of receiving no payment. The fee-shifting provision of the UTPCPL is used to ensure experienced attorneys litigate UTPCPL claims. *See Boehm*, 117 A.3d at 336 ("[T]he fee-shifting statutory provision of the UTPCPL is designed to promote its purpose of punishing and deterring unfair and deceptive business practices and to encourage experienced attorneys to litigate such cases, even where recovery is uncertain." (citation omitted)). In considering this factor, the

Court finds awarding attorney fees furthers the purpose of the statute. Also, awarding the requested fees will not result in a "bonanza" to Plaintiffs' attorneys because the Court used an adjusted lodestar calculation to determine reasonable fees. *See Boehm*, 117 A.3d at 336–37 (awarding reasonable attorney fees even though attorneys used a contingency-fee agreement because the award would further the purpose of the statute and not result in a "bonanza" to plaintiffs). As a result, even though Plaintiffs' attorneys worked under a contingency-fee arrangement, the Court finds that they are still entitled to reasonable attorney fees and costs.[4]

**CONCLUSION**

In sum, after consideration of the four reasonableness factors, the Court will grant Plaintiffs' motion for attorney fees. The Court will award a reasonable amount of $34,817.50 in attorney fees and $1,156.25 in costs.

BY THE COURT:

  /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

[4] The Court finds Plaintiffs' request for costs—$1,156.25—reasonable. This amount includes the costs for filing the case and serving Brown on multiple occasions, *see* Ex. E, and is thus reasonable, *see Gadley v. Ellis*, No. 13-17, 2016 WL 1090654, at *8 (W.D. Pa. Mar. 18, 2016) (finding costs reasonable including filing fees and service charges, among other fees).